IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY KENNETH LOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-01018-CV-RK |
| | ) | |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying his application for disability benefits. The decision of the Commissioner is **AFFIRMED**.

**Standard of Review**

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)

(citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, at step one of the five-step evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 1, 2013, the alleged disability onset date (20 CFR 404.1571 *et seq.,* and 416.971 *et seq.*). Next, at step two, the ALJ found the evidence supports that Plaintiff has the following "severe" impairments: degenerative disc disease of the lumbar and cervical spine; obesity with related type 2 diabetes mellitus, hypertension, hypertriglyceridemia, and obstructive sleep apnea; and degenerative joint disease of the right knee (20 CFR 404.1520, SSR 85-28, SSR 96-3p, SSR 96-4p). The ALJ found at step three that none of Plaintiff's impairments, whether considered alone or in combination, meets or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Considering the entire record, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) with some limitations. At step four of the evaluation process, the ALJ found that based on the Plaintiff's RFC, Plaintiff is unable to perform his past relevant work. At step five the ALJ determined that, considering Plaintiff's RFC, age, education, and work experience, he is able to do other work that exists in significant numbers in the national economy, and therefore has not been under a disability from March 1, 2013, through the date of the ALJ's decision.

On appeal, Plaintiff argues 1) the ALJ's RFC is unsupported by the substantial evidence of record; 2) the ALJ erred by not including Plaintiff's mental limitation in the RFC[1]; and 3) the ALJ erred by not including Plaintiff's mental limitation in the hypotheticals posed to the vocational expert ("VE").[2] Upon review of the parties' briefs, the record, and applicable

---

[1] The ALJ found that Plaintiff had no more than a minimal limitation upon his ability to sustain concentration, persistence, or pace due to a mental impairment. Therefore the RFC reflects the degree of limitation found in the mental function analysis.

[2] "[A]n ALJ may omit alleged impairments from a hypothetical question posed to a vocational expert when '[t]here is no medical evidence that these conditions impose any restrictions on [the claimant's] functional capabilities'" or "when the record does not support the claimant's contention that his impairments 'significantly restricted his ability to perform gainful employment.'" *Buckner v. Astrue*, 646 F.3d 549, 561 (8th Cir. 2011) (citing *Owen v. Astrue,* 551 F.3d 792, 801–02 (8th Cir.2008)) (other internal citations omitted). On at least one occasion, the Eighth Circuit has "held that the ALJ did not err

2

authority, the Court finds there is substantial evidence that supports the RFC and the ALJ's determination that Plaintiff has not been under a disability from March 1, 2013, through the date of the ALJ's decision. Therefore, the Court finds no reversible error based on the ALJ's determination that Plaintiff was not disabled.

## Conclusion

Accordingly, IT IS THEREFORE, ORDERED that the decision of the Commissioner is **AFFIRMED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 20, 2017

---

by excluding the claimant's mental limitations from the hypothetical questions to the VE, when substantial evidence supported the ALJ's determination that the claimant's mental limitations were 'nonsevere.'" *Buckner*, 646 F.3d at 561 (citing *Jackson v. Apfel,* 162 F.3d 533, 538 (8th Cir.1998)).